IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-40129
(Summary Calendar)
_____


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

VERONICA BENAVIDES SANTOS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Eastern District of Texas
(1:94-82-3)
_____
(October 10, 1995)


Before GARWOOD, WIENER and PARKER, Circuit Judges.

PER CURIAM:[1]

Veronica Benavides Santos pleaded guilty to misprision of a
felony, and the district court sentenced her to 21 months of
imprisonment, followed by a one-year term of supervised release.
She brings three points of error regarding her sentence. We
affirm.

DUE PROCESS

Local Rule 47.5 provides: "The publication of opinions that
have no precedential value and merely decide particular cases on
the basis of well-settled principles of law imposes needless
expense on the public and burdens on the legal profession."
Pursuant to that Rule, the Court has determined that this opinion
should not be published.

Santos argues that the district court denied her due process at sentencing by considering unreliable information contained in the presentence report ("PSR") when calculating the drug quantity held attributable to her. Santos contends that the information in the PSR was unreliable because it was hearsay from her collaborators whose credibility and reliability had not been established by cross-examination during a full evidentiary hearing.

Although Santos objected to the drug quantity held attributable to her and to the truth and reliability of the information in the PSR, Santos failed to argue that the use of the information at sentencing violated her due process rights until after sentencing in her motion to reconsider. The Government argues that, as the due process argument was never presented to the district court at sentencing, it must be reviewed for plain error.[2]

This Court need not decide whether the plain error standard should apply in this case, because no error occurred. The admission of hearsay at sentencing does not violate due process or the right to confrontation. *United States v. Young*, 981 F.2d 180, 187 (5th Cir. 1992), *cert. denied*, 113 S. Ct. 2454 (1993), *and cert. denied*, 113 S. Ct. 2983 (1993). Due process requires only that the information relied upon at sentencing have "some minimal

---

The Government cites as supoorting authority for its proposition *United States v. Binker*, 795 F.2d 1218, 1227 (5th Cir. 1986), *cert. denied*, 479 U.S. 1085 (1987). While *Binker* lends support to the Government's position, it is not directly controlling, as it applies the plain error stnadard to an argument raised for the first time in a motion for reconsideration of the denial of a motion for new trial. *Id*. In this case, Santos raised her issue in a motion to reconsider her sentencing.

indicium of reliability" and "bear some rational relationship to the decision to impose a particular sentence." *Id*. (internal quotations and citation omitted). Santos bears the burden of demonstrating that the information relied upon in sentencing is "materially untrue." *United States v. Vela*, 927 F.2d 197, 201 (5th Cir.), *cert. denied*, 502 U.S. 875 (1991). Santos provided only her unsworn assertions in objection to the PSR and, therefore, did not meet her burden. Accordingly, the district court did not commit any error in relying upon the hearsay in the PSR.

DRUG QUANTITY CALCULATION

Santos argues that the district court clearly erred in calculating the drug quantity attributed to her. Santos again focuses on whether the district court relied upon unsupported hearsay allegations in the PSR that were derived from Santos' collaborators.

"Specific factual findings about the quantity of drugs to be used in setting the base offense level are reviewed on appeal only for clear error." *United States v. Angulo*, 927 F.2d 202, 205 (5th Cir. 1991). A finding will not satisfy this standard unless the reviewing court, on the entire evidence, is left with the definite and firm conviction that a mistake has been committed. *United States v. Mitchell*, 964 F.2d 454, 457-58 (5th Cir. 1992). The Government bears the burden of establishing sentencing facts by a 732, 734 preponderance of the evidence. *United States v. Wright,* 24 F.3d (5th Cir. 1994).

The district court may consider any evidence that has

"sufficient indicia of reliability," including hearsay.  U.S.S.G. § 6A1.3(a), comment.; *United States v. Manthei*, 913 F.2d 1130, 1138 (5th Cir. 1990).  The PSR itself also bears such indicia.  *United States v. Alfaro*, 919 F.2d 962, 966 (5th Cir. 1990).  A defendant who objects to consideration of information by the sentencing court bears the burden of proving that it is "materially untrue, inaccurate or unreliable."  *Angulo*, 927 F.2d at 205.

Santos objected to the calculation in the PSR which attributed 219.54 kilograms of marihuana to her, stating that the information in the PSR was untrue and misleading, and asserted that she was responsible only for 200 pounds of marihuana.  However, based on information provided from the statements of Santos' collaborators, the PSR calculated that Santos actively participated in trafficking several hundred pounds of marihuana.  The district court determined that the information in the PSR had sufficient indicia of reliability to support its probable accuracy and found that Santos was responsible for arranging the distribution of between 219.55 kilograms and 294.39 kilograms of marihuana.  Santos did not present any evidence or argument contradicting the information in the PSR.  Therefore, as Santos did not meet her burden in demonstrating the unreliability of the information in the PSR, the district court did not clearly err in calculating at least 219.55 kilograms of marihuana as attributable to Santos.  *See Angulo*, 927 F.2d at 205.

Santos also contends that the Government never showed that her collaborators were not drug addicts and that this court should

4

apply a heightened standard of scrutiny when considering a drug quantity estimate provided by an informant who has a history of drug addiction, as do other circuits. As Santos did not raise her issue in the district court, it is analyzed for plain error. *See United States v. Singleton*, 49 F.3d 129, 132 (5th Cir. 1995) (applying plain-error analysis to sentencing issues). Therefore, this court could not apply Santos' requested heightened standard of scrutiny, even if it was applicable to the situation.

Parties are required to challenge errors in the district court. When a defendant in a criminal case has forfeited an error by failing to object, this court may remedy the error only in the most exceptional case. *United States v. Calverley*, 37 F.3d 160, 162 (5th Cir. 1994). The Supreme Court has directed the courts of appeals to determine whether a case is exceptional by using a two-part analysis. *Olano*, 113 S. Ct. at 1777-79.

First, an appellant who raises an issue for the first time on appeal has the burden to show that there is actually an error, that it is plain, and that it affects substantial rights. *Olano*, 113 S. Ct. at 1777-78; *United States v. Rodriguez*, 15 F.3d 408, 414-15 (5th Cir. 1994); Fed. R. Crim. P. 52(b). Plain error is one that is "clear or obvious, and, at a minimum, contemplates an error which was clear under current law at the time of trial." *Calverley*, 37 F.3d at 162-63 (internal quotation and citation omitted). "[I]n most cases, the affecting of substantial rights requires that the error be prejudicial; it must affect the outcome of the proceeding." *Id*. at 164. This court lacks the authority to

5

relieve an appellant of this burden.  *Olano*, 113 S. Ct. at 1781.

Second, the Supreme Court has directed that, even when the appellant carries his burden, "Rule 52(b) is permissive, not mandatory.  If the forfeited error is `plain' and `affect[s] substantial rights,' the Court of Appeals has authority to order correction, but is not required to do so."  *Olano*, 113 S. Ct. at 1778 (quoting Fed. R. Crim. P. 52(b)).

Credibility determinations in a sentencing hearing "are peculiarly within the province of the trier-of-fact."  *United States v. Sarasti*, 869 F.2d 805, 806 (5th Cir. 1989).  Santos does not provide any information concerning drug use by her collaborators or any other information which would suggest that the district court's credibility determinations were inaccurate. Additionally, Santos' supporting authority considered witnesses who were drug addicts, but did not require the Government to disprove that people were addicts.  *See United States v. Beler*, 20 F.3d 1428, 1435 (7th Cir. 1994); *United States v. Miele*, 989 F.2d 659, 666-67 (3rd Cir. 1993); *United States v. Simmons*, 964 F.2d 763, 776 (8th Cir.), *cert. denied*, 113 S. Ct. 632 (1992); *United States v. Robison*, 904 F.2d 365, 371-72, *cert. denied,* 498 U. S. 946 (1990). Santos does not demonstrate plain error in the district court's credibility choices.

Finally, Santos argues that this court should reconsider its previous holdings that the PSR generally bears sufficient indicia of reliability to be considered as evidence by the sentencing court in making factual determinations.  One panel of this court may not

6

overrule previous panel decisions absent *en banc* reconsideration or a superseding contrary decision of the Supreme Court. *In re Dyke*, 943 F.2d 1435, 1441-42 (5th Cir. 1991). We reject Santos' challenge to this Court's position on the general reliability of the PSR.

DOWNWARD DEPARTURE

Santos argues that the district court erred in refusing to grant her a downward departure based on extraordinary family circumstances. Santos contends that the district court's statements demonstrate that the district court erroneously believed that it lacked authority to depart from the sentencing guidelines. The Government argues that the statements demonstrated that the district court did not believe a departure for family circumstances was appropriate in this case, and that in any event, Santos' family circumstances were not so extraordinary that they justified a downward departure.

Departures from the guidelines are within the broad discretion of the district court. *United States v. Adams*, 996 F.2d 75, 58 (5th Cir. 1993). This court will not review a district court's refusal to depart from the Guidelines unless the refusal was in violation of the law. *Id.*

Santos requested a downward departure based on her extraordinary family circumstances. She explained in her request that she was the sole support for her fourteen-year-old son who was mentally retarded and legally blind. Santos told the court that her son was not toilet trained and that he tended to make himself

7

ill if she was away.      At sentencing, the district court refused to apply a downward departure for extraordinary family circumstances, stating that:

> [t]he Defendant should be aware of these hardships at the time she became involved in the drug offenses and she should have avoided this situation if she was really conscientiously concerned with the welfare of her family. The Court does not feel that there is any justification for making a further departure.

Later, the court stated again that:

> . . . as we have already stated, the Government has shown the Defendant consideration and some favor in regard to the count that was brought against the Defendant, to which she has pled guilty.  We do not feel that the Defendant is entitled to any further consideration in regard to a downward departure.  And as we have stated, we reiterate again, that the Defendant was knowledgeable of her condition in regard to family members and this should have been an impediment and should have prevented her from becoming involved in the violation of the law, knowing that she would be apprehended, could be apprehended, and could go to the penitentiary.  So the Court is showing the defendant all of the consideration that we can under the circumstances.

Unless there are unique or extraordinary circumstances, a downward departure from the guideline range based on the defendant's parental responsibilities is improper. *United States v. Brown*, 29 F.3d 953, 961 (5th Cir.), *cert. denied*, 115 S. Ct. 587 (1994); *see* U.S.S.G. § 5H1.6 (family ties and responsibilities are not ordinarily relevant in determining whether a sentence should be outside the applicable guideline range).

The district court clearly considered Santos' request for downward departure, and declined to grant it.  The sentence imposed was legal.  We cannot say that the facts here are so extraordinary as to compel departure, as a matter of law.  Finding no abuse of

8

discretion and a sentence within the legally available guideline range, we must affirm.

CONCLUSION

For the foregoing reasons, we AFFIRM the sentence imposed by the district court.

AFFIRMED.

9